UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHONG TRANG TRAN NGUYEN (A-Number: 079-868-912),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No.  1:26-cv-3106-DAD-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner Phong Trang Tran Nguyen is subject to a final order of removal dated March 20, 2026.  ECF No. 7-1.  Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that her detention violates the constitution.  For the reasons outlined below, I recommend that the petition be denied.

**Background**

Petitioner entered the United States at an unknown time.  *See* ECF No. 2 at 2 (petitioner alleging that she entered when she "was little").  Neither petitioner nor respondent has provided information regarding when petitioner was detained by ICE, the reason for that detention, and whether petitioner sought release from immigration custody.  On March 20, 2026, an immigration judge ordered petitioner removed.  ECF No. 7-1.  Petitioner reserved her right to appeal that order.  *Id.*  Any appeal was due on April 20, 2026.  *Id.*  Respondent represents that, as of April 27,

1

2026, no appeal had been filed.  ECF 7 at 1.  The EOIR's Automated Case Information tracker also indicates that the Board of Immigration Appeals has not received an appeal of the immigration judge's order.  *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited May 20, 2026).  Accordingly, the order of removal became final when it was issued.  *See* 8 C.F.R. § 1241.1(b).

### Procedural History

On April 23, 2026, petitioner filed a petition for writ of habeas corpus.  ECF No. 2.  Petitioner concurrently filed a motion to proceed *in forma pauperis* and a motion to appoint counsel.[1]  ECF Nos. 3, 4.  On April 27, 2026, the District Judge issued a minute order construing the request for relief in the petition as a motion for temporary restraining order and ordering that a response be filed.  ECF No. 6.  That same day, respondent filed an opposition and attached the March 20, 2026 removal order.  ECF No. 7.  On April 29, 2026, the District Judge denied the temporary restraining order and referred the matter to me.  ECF No. 8.  On May 1, 2026, I gave petitioner seven days to submit a traverse and stated that the matter would be deemed submitted when the allotted time for filing a traverse has expired.  ECF No. 9.  Since petitioner has not filed a traverse, the matter is submitted.  *See id*.

### Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of

---

[1] Petitioner's motion to proceed *in forma pauperis* will be granted, and her motion for the appointment of counsel will be denied.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  *See* Rule 8(c), Fed. R. Governing § 2254 Cases.  I do not find that the interests of justice require appointment of counsel at the present time.

reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner claims that her detention violates the Fifth Amendment. ECF No. 2. Respondent counters that the petition should be dismissed because petitioner is subject to mandatory detention following a final order of removal. ECF No. 7.

The Immigration and Nationality Act provides that when a noncitizen "is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). Relevant here, the removal period begins on the "date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B). Moreover, detention during the removal period is mandatory. *See id.* § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). The Court of Appeals has held that this period of detention "passes constitutional scrutiny" because there is no danger of indefinite detention; on the contrary, the provision authorizes "detention for 90 days only." *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004).

Here, petitioner was ordered removed on March 20, 2026. ECF No. 7-1. Because petitioner did not appeal, the order became final on that day. *See* 8 C.F.R. § 1241.1(b). Consequently, petitioner is subject to mandatory detention during her removal period, which runs through June 20, 2026. *See* 8 U.S.C. § 1231(a)(1)(A), (2)(A). Moreover, this mandatory detention does not violate petitioner's due process rights. *See Khotesouvan*, 386 F.3d at 1301. Accordingly, petitioner's detention does not violate the Fifth Amendment.

It also bears mention that after the removal period expires in June 2026, petitioner will still be subject to discretionary detention. *See* 8 U.S.C. § 1231(a)(6). In *Zadvydas*, the Supreme Court addressed a challenge to prolonged detention under this section and held that:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6-month period, once the alien provides good reason to believe that there is no significant

3

likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient.

533 U.S. at 701 (internal quotation marks and citation omitted).

Accordingly, petitioner's detention is "presumptively reasonable" until six months following the issuance of the removal order. *See id*.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1.  Petitioner's motion to proceed *in forma pauperis*, ECF No. 3, is GRANTED.

2.  Petitioner's motion for the appointment of counsel, ECF No. 4, is DENIED.

Further, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus, ECF No. 2, be DENIED.

2.  The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4